IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


DAVID HOWELL                                                          PLAINTIFF

v.                              Civil No. 2:21-CV-02188

SHERIFF HOBE RUNION,                                        DEFENDANTS
CAPTAIN DUMAS, EDDIE SMITH, and
DEPUTY DOMINIC (All of Sebastian
County Detention Center)


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred

this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on November 18, 2021.  (ECF No. 1).  Plaintiff alleges that

he was "denied right to religion" while incarcerated in the Sebastian County Detention Center

("SCDC").  *Id*. at 4-5.  Specifically, he states that on October 25, 2021:

> the people in Pod GG gathered together for a prayer circle.  I asked Officer Dominic
> to open my cell door so I could join the other inmates who was all openly gathered
> for a prayer circle.  He told me no I could not get out of my cell to join the other
> inmates in the prayer circle.  Because I had my hour out of the cell earlier today.
> Which denied me my right to practice religion with fellow inmates.  Sebastian
> County handbook states all inmates have right to practice religion so when Officer

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Dominic refused to unlock my cell on this day he was refusing me my right to practice religion on this day." *Id*.

Plaintiff proceeds against Defendants in their official and individual capacities. *Id*. at 5. When asked to identify the custom, policy, or widespread practice Plaintiff believes violated his constitutional rights, Plaintiff states: "Federal and state right to practice religion. Arkansas Department of Corrections policy of Right to practice Religion. Sebastian County Detention Center Rights to Religion." *Id*.

Plaintiff indicates that he seeks compensatory, punitive, and other damages, but he identifies only monetary damages in his Complaint. *Id*. at 7.

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

The RLUIPA and the First Amendment protect the right of prison inmates to freely exercise their religion. *Singson v. Norris*, 553 F.3d 660, 662 (8th Cir.2009).  To establish violations of the RLUIPA and First Amendment, an inmate must demonstrate that the prison policies at issue substantially burden his ability to practice his religion. *Gladson v. Iowa Dep't of Corrs.*, 551 F.3d 825, 833 (8th Cir. 2009).  A substantial burden exists if the prison policy significantly inhibits or constrains religious conduct, meaningfully curtails an inmate's ability to express adherence to his faith or denies to an inmate reasonable opportunity to engage in fundamental religious activities. *Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir. 2009) (citation and quotation omitted).

Here, Plaintiff has alleged only that he was denied the opportunity to join a prayer circle for his unidentified religion on a single occasion.  He does not indicate how this single denial significantly inhibited or constrained his religious conduct, and he does not identify any SCDC policy or custom which substantially burdened his ability to practice his religion.  To the contrary, he alleges that Defendant Dominic violated SCDC policy by refusing to let him out of his cell.  Nor does Plaintiff allege that he was prohibited from praying in his cell that day.  It is well-established in the Eighth Circuit that "[a] prisoner need not be afforded his preferred means of practicing his religion as long as he is afforded sufficient means to do so." *Murphy v. Missouri*

*Dept. of Corrections*, 372 F.3d 979, 983 (8th Cir. 2004).  As such, Plaintiff has failed to allege sufficient specific facts to support his claim.

## IV.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE as frivolous.  The dismissal of this case should constitute a strike pursuant to 28 U.S.C. § 1915(g).  It is, therefore, recommended that the Clerk be directed to place a § 1915 strike flag on the case.  Finally, it is recommended that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE